IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-305-BO

| | | |
|---|---|---|
| LESIA HAMM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| BI-LO, INC., WINN-DIXIE LOGISTICS, INC, | ) | |
| And SOUTHEASTERN GROCERS, INC. | ) | |
| Defendants. | ) | |

This cause comes before the court on defendants' motions to dismiss and plaintiff's motions for default judgment. The matters have been fully briefed and are ripe for ruling. This Court denies plaintiff's motions for default judgment, and grants defendants' motions to dismiss.

## BACKGROUND

Starting on April 14, 2014, plaintiff Lesia Hamm was employed by Winn-Dixie Stores, Inc., in their headquarters in Florida. There, she claims, she experienced discrimination. She filed a complaint with the Equal Employment Opportunity Commission, alleging discrimination on the basis of race, on May 23, 2015. After her termination on August 18, 2015, she filed a second complaint, claiming that she experienced retaliation for her original complaint. Plaintiff then filed this lawsuit here in North Carolina on June 21, 2017, alleging discrimination on the basis of race and age, as well as retaliation.

She captioned her case as follows: she sued BI-LO, LLC, "doing business as" Bi-Lo Supermarkets, Inc, and Stokesdale Bi-Lo, Inc. She sued Winn-Dixie Logistics, LLC, "doing business as" Winn-Dixie Stores, Inc. Finally, she sued Southeastern Grocers.

## DISCUSSION

I.  Default

Plaintiff has moved for default against defendant Southeastern Grocers and defendant BI-LO, LLC. Plaintiff also moved for default against defendant Winn-Dixie Logistics, LLC, but has since withdrawn that motion. The law disfavors default judgments. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The strong preference is for claims and defenses to be disposed of on their merits. *Tazco, Inc. v. Director, Office of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990). Under the Federal Rules of Civil Procedure, default judgements are permitted when a defendant fails to plead or otherwise defend themselves. Fed. R. Civ. P. 55(a). Both Southeastern Grocers and BI-LO have appeared and filed motions in this case. Entry of default judgement would be inappropriate and is therefore denied.

II.  Jurisdiction

The Federal Rules of Civil Procedure provide for dismissal when a Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of showing that subject matter jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A lack of subject matter jurisdiction may be raised at any time, by any party, as well as by this Court. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379 (1884). Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over this case.

Plaintiff has sued three defendants: Southeastern Grocers, BI-LO, LLC, and Winn-Dixie Logistics, LLC. Southeastern Grocers is a Delaware limited liability company. Its principal place of business is in Florida. It is the parent of several subsidiary corporations, including BI-LO, LLC and Winn-Dixie Stores, Inc. Southeastern Grocers did not employ plaintiff.

BI-LO, LLC is not affiliated with either Bi-Lo Supermarkets or Stokesdale Bi-Lo. BI-LO, LLC is a wholly owned subsidiary of Southeastern Grocers. BI-LO's headquarters are in Florida, and it does some business in North Carolina. BI-LO did not employ plaintiff.

Winn-Dixie Logistics is a separate subsidiary of Winn-Dixie Stores, Inc. Both are registered in Florida. Winn-Dixie Logistics does do business in North Carolina, but did not employ the plaintiff. Winn-Dixie Stores, Inc., did employ the plaintiff, but was not actually named in this lawsuit.

The interaction of corporate parents and siblings can be complex, but the law is clear. Absent specific circumstances, employees of one corporate entity are not considered employees of its parent, and certainly not of a separate subsidiary. *See Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 980-82 (4th Cir. 1987) "A parent company is the employer of a subsidiary's personnel only if it controls the subsidiary's employment decisions or so completely dominates the subsidiary that the two corporations are the same entity." *Id.* Plaintiff's complaint does not allege facts to sustain a claim that any of the parent or subsidiary companies she sued control the actions of her employing company such that the two are the same entity. Winn-Dixie Logistics, LLC does share a registered agent in Florida with BI-LO, LLC, but that fact, like the history of Kwik Check Supermarkets, Inc., says nothing relevant about Winn-Dixie Stores, Inc., a completely different company and plaintiff's actual employer.

Plaintiff has made no claims that would explain why she has sued companies that did not employ her while not suing the company that did. Only Winn-Dixie Stores, Inc., employed her, and she did not file suit against them. Without the proper defendant, this Court does not have jurisdiction over the claims. *See Drake v. Cheney*, 960 F.2d 145 (4th Cir. 1992). Instead of amending her complaint or otherwise alleging specific facts to justify her position, plaintiff

simply argues, repeatedly, that "all defendants in this action are the same company." [DE 33 at 2]. This is untrue. Plaintiff's claims are dismissed as to all defendants.

This dismissal is without prejudice, and the Court takes no position on the underlying merits of plaintiff's claims, apart from noting that 42 U.S.C. §1983 does not provide for a right of action against merely private conduct. *Thomas v. The Salvation Army Southern Territory*, 841 F.3d 632 (4th Cir. 2016).

## CONCLUSION

For the foregoing reasons, plaintiff's motions for default judgment are DENIED [DE 7, 18]. Defendants' motions to dismiss are GRANTED [DE 13, 25, 28]. Defendant Southeastern Grocers' motion for extension of time is DENIED as moot [DE 10]. The clerk is directed to modify the docket to accurately name the parties named in the complaint.

SO ORDERED, this 26 day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE